UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

No. 14-cv-0960

STEVEN C. POLGAR

Plaintiff

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

Defendant


**PLAINTIFF'S BRIEF**


NEWMAN, WILLIAMS, MISHKIN,
CORVELEYN, WOLFE & FARERI, P.C.

James V. Fareri, Esq.
Attorney for Plaintiff
712 Monroe Street
Stroudsburg, PA 18360
Tel. No.: (570) 421-9090

# TABLE OF CONTENTS

TABLE OF CONTENTS...........................................................................................i

TABLE OF CITATIONS ...................................................................................... ii

I.      STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ...................1

II.     STATEMENT OF THE CASE ....................................................................1

III.    STATEME NT OF FACTS ..........................................................................2

IV.     ARGUMENT.................................................................................................2

        a.      Standard of Review ................................................................2

        b.      Law as Applied to Facts .......................................................3

                1.      The ALJ had no basis to reject the findings of an
                        independent psychological evaluation ........................................5

                2.      The ALJ impermissibly substituted his own medical
                        Opinion for that of a physician ...................................................6

                3.      The ALJ ignored the opinion of the Vocational Expert .............8

V.      CONCLUSION.................................................................................................9

CERTIFICATE OF SERVICE .............................................................................10

# TABLE OF CITATIONS

## Cases

Brown v. Bowen,
 845 F.2d 1211, 1213 (3rd Cir. 1988)..........................................................................2

Cadillac v. Barnhart,
 84 F. App'x 163, 168 (3rd Cir. 2003).........................................................................5

Hartranft v. Apfel,
 181 F.3rd 358, 360 (3rd Cir. 1999) ............................................................................3

Hecker v. Campbell,
 461 U.S. 458, 459-60, 103 S. Ct. 1952, 76 L.Ed. 2d 666 (1983) ...........................4

Mason v. Shalala,
 994 F.2d 1059 (3rd Cir. 1993).....................................................................................2

Pierce v. Underwood,
 487 U.S. 522 (1988) ....................................................................................................3

Richardson v. Perales,
 402 U.S. 389, 401 (1971)............................................................................................3

Smith v. Califano,
 637 F.2d 968, 971 (3rd Cir. 1981)..............................................................................7

## Statutes

42 U.S.C. § 423 ...........................................................................................................3,4

## Rules

20 C.F.R. § 404 ..............................................................................................................4

Social Security Ruling 96-8p, 1996 SSR LEXIS 5, 61 Fed. Reg. 34475
 (July 2, 1996)...............................................................................................................4

## I.     STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Whether the ALJ gave inadequate weight to the findings of an Independent Psychological Evaluation?

Suggested answer:        yes.

Whether ALJ impermissibly substituted his own medical opinion for that of a physician?

Suggested answer:        yes.

Whether the ALJ improperly ignored the learned opinion of the Vocational Expert?

Suggested answer:        yes.

## II.    STATEMENT OF THE CASE

Plaintiff, Steven C. Polgar ("Claimant"), filed an application for a period of disability and disability insurance benefits alleging that disability began on October 9, 2009.  Such application was denied after hearing before Administrative Law Judge Ronald Sweeda (the "ALJ") in a Decision dated October 7, 2011.  This matter comes before the Court on a Complaint for a review of an adverse decision of the Appeals Council dated October 21, 2013.  (Administrative Record "R." 1-5).

The Complaint was indexed to the above referenced docket on December

13, 2013.  (Doc. 3).  The Acting Commissioner of Social Security filed an Answer

on April 1, 2014.  (Doc. 11).

## III.   STATEMENT OF FACTS

The Claimant was born on July 5, 1965.  (R.17).  He is 5'11" and weighs

295 pounds.  *Id.*

Claimant testified that he was unable to work because of his kidneys, which

he claimed were non-functioning.  (R.20).  He also testified he suffers from

depression and memory loss.  (R.20-21).  At the time of the hearing, Claimant was

in a partial-hospitalization program.  (R.25).  In the year prior to the hearing,

Claimant was hospitalized twice for depression.  (R.25).  Due to the depression,

Claimant stated he cannot focus and he obsessively worries about things.  (R.26).

## IV.   ARGUMENT

### a.   Standard of Review

When reviewing the denial of Social Security Insurance benefits, the Court

must determine whether the denial is supported by substantial evidence.  Brown v.

Bowen, 845 F.2d 1211, 1213 (3rd Cir. 1988); Mason v. Shalala, 994 F.2d 1059 (3rd

Cir. 1993).  Substantial evidence "does not mean a large or considerable amount of

evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552 (1988); Hartranft v. Apfel, 181 F. 3rd 358, 360 (3rd Cir. 1999).  It is less than a preponderance of the evidence but more than a mere scintilla.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  In determining whether the Commissioner's decision rests upon a foundation of substantial evidence it is an Appellate Court's responsibility, to examine and scrutinize the whole record and reverse or remand as necessary.

> b.    *Law as Applied to Facts*

The Social Security Act (the "Act") defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to perform in the workplace.  In order to receive disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423 (d)(1)(A).

The Act further provides that a person must "not only [be] unable to do his previous work but [must be unable], considering his age, education, and work experience, [to] engage in any other kind of substantial gainful work which exists

3

in the national economy, regardless of whether such work exists in the immediate

area in which he lives, or whether a specific job exists for him, or whether he

would be hired if he applied for work." 42 U.S.C. § 423 (d)(2)(A); Hecker v.

Campbell, 461 U.S. 458, 459-60,103 S. Ct. 1952, 76 L.Ed. 2d 66 (1983).

The Commissioner utilizes a five-step process in evaluating disability

insurance claims. See 20 C.F.R. § 404.1520.  This process requires the

Commissioner to consider, in sequence, whether a claimant (1) is engaging in

substantial gainful activity, (2) has an impairment that is severe or a combination

of impairments that is severe, (3) has an impairment or combination of

impairments that meets or equals the requirements of a listed impairment, (4) has

the residual functional capacity to return to his or her past work and (5) if not,

whether he or she can perform other work in the national economy.

As part of step four the administrative law judge must determine the

claimant's residual functional capacity.  Id.  Residual functional capacity is the

individual's maximum remaining ability to do sustained work activities in an

ordinary work setting on a regular and continuing basis.  *See* Social Security

Ruling 96-8p, 1996 SSR LEXIS 5, 61 Fed. Reg. 34475 (July 2, 1996). The residual

functional capacity assessment must include a discussion of the individual's

abilities. Id; 20 C.F.R. § 404.1545.

4

### 1.   The ALJ had no basis to reject the findings of an independent psychological evaluation.

The ALJ criticized the findings of Plaintiff's independent psychological evaluation.  In his opinion, the ALJ placed the word independent in quotation marks implying the evaluation was biased.  Ironically, the ALJ gave significant weight to a State Agency psychological consultant "opinion" which, of course, is no more "independent" than Plaintiff's psychological evaluation.  The ALJ may choose whom to credit but "cannot reject evidence for no reason or for the wrong reason."  *Cadillac v. Barnhart*, 84 F. App'x 163, 168 (3d Cir. 2003).  The ALJ provided no explanation why the independent psychological evaluation was rejected.

The ALJ noted in his opinion that he requested updated RedCo treatment records but that none were submitted.  The ALJ commented, "instead, counsel sent the [Plaintiff] to an 'independent' psychological evaluation."  The ALJ then chose to disregard Plaintiff's testimony that he was in a partial hospitalization program because the lack of records "call[ed] the testimony in question."

The independent medical examination was submitted to *supplement* the record not in lieu of the updated RedCo records.  It is unreasonable for the ALJ to penalize the Plaintiff for a medical provider's lack of expediency in supplying

5

requested records.  It is also improper for the ALJ to ignore the independent

psychological evaluation because it was not the record he requested.

### 2.      The ALJ impermissibly substituted his own medical opinion for that of a physician.

The ALJ stated "there is no indication that [Claimant's] examining or

treating sources are alarmed by the claimant's presentation."  However, the ALJ

did not give any examples of such sources or treatment providers.  Additionally,

the ALJ failed to discuss any of the providers that *did* indicate issues, for example,

Dr. Gold who on July 26, 2010 indicated, "[Plaintiff] is quite anxious and not

doing too well."

The ALJ also disregarded the fact that Plaintiff was in a partial

hospitalization program at New Perspectives beginning March 31, 2010 after an

emergency room visit and then again hospitalized at Pocono Medical Center from

May 20, 2010 to May 28, 2010 with a Global Assessment of Functioning (GAF)

score of 25.

Instead, the ALJ cherry-picked GAF scores to support the unfavorable

decision.  The ALJ was critical and gave little weight to GAF scores of 25, 35, 40,

45 and 50 (Exhibits 15F, 16F, 20F, 24F, 32F) claiming, *inter alia*, these scores

were based on Plaintiff's subjective complaints and not the clinical findings.  Yet

the ALJ gave significant weight to GAF scores of 55 and 56 since these scores

were rendered by treating sources and, in the ALJ's estimation, were consistent with Plaintiff's improvement with medication compliance.  However, the ALJ ignores the fact the GAF score of 45 was also provided by RedCo, the same treating source responsible for the ALJ's preferred GAF scores of 55 and 56.

Notwithstanding, the ALJ ignored the GAF scores that would go to support a significant mental impairment and a finding of disability in favor of two scores which reflect minor symptoms and support a denial of benefits.

Additionally, the ALJ was clearly turned off by the fact Plaintiff travelled to Miami with his wife in December 2010.  The ALJ referred to this trip as "noteworthy" and suggested his ability to travel on that one occasion showed his allegations were "overstated in comparison to his actual activities."  Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.  Smith v. Califano, 637 F.2d 968, 971 (3d Cir. 1981).  The sporadic and transitory nature of Plaintiff's activities demonstrates not his ability but his inability to engage in substantial gainful activity.  See Id.  The Claimant in this case testified to nothing outside the range of his medical limitations that would call his credibility into question.

On page 6 of the Decision, the ALJ indicated that "[p]rogress notes from Darell Covington, M.D., reveal that the claimant presented with no depression, had

7

normal affect and no signs of labile mood, anxiety or agitation (Exhibit 11F)."  As

a preliminary matter, a cursory review of Exhibit 11F shows a progress note dated

October 16, 2009 which does indicate "[c]oncerns: depressed mood, flat affect"

and a progress note dated September 16, 2009 which indicated "[c]oncerns:

Anxiety/agitation".   Regardless, **Dr. Covington is a Colon & Rectal Surgeon,**

**not a psychiatrist**.

Finally, the ALJ erred in his evaluation of the Plaintiff's kidney issues.  A

renal scan on April 6, 2011 indicated an "essentially nonfunctioning left kidney."

A CAT scan on April 5, 2011 indicated "severe left hydonephrosis with atrophy of

the left kidney."  And Dr. Anatario's notes of April 13, 2011 indicated a 3%

function to left kidney.

The ALJ did not consider the effect the Plaintiff's lack of sleep, pain, or

medication would have on sustaining employment.

### 3.     The ALJ ignored the opinion of the Vocational Expert.

The ALJ determined the Plaintiff had the residual functional capacity to

perform light work.  In addition, the ALJ found the Plaintiff retained:

> "…the mental capacity for simple, repetitive tasks with occasional changes in
> his work setting, no direct customer service, no fast-paced production
> environment, and no exposure to dangerous machinery or unprotected heights."

At the hearing, the ALJ presented to the Vocational Expert (VE) a

hypothetical claimant with virtually identical limitations. The VE testified the Plaintiff would be precluded, based on the restriction to light work and with these limitations, from his past relevant work but there would be other jobs he could perform in the national economy even with these limitations, such as a laundry worker and a counter attendant. (R.31). The ALJ then imposed an additional limitation that his hypothetical worker would be off task at least 20% of the workday. (R.31). The VE testified there would be no jobs for the hypothetical worker if off task 20% of the work day. (R.31). Therefore, the Plaintiff would be entitled to disability benefits if the ALJ determined the Plaintiff would be off task 20% of the work day.

It is submitted the medical evidence of record coupled with Claimant's testimony about his lack of focus supports the fact the Plaintiff would be off task a minimum of 20% of the workday thus warranting a finding of disability.

## V.    CONCLUSION

For the above reasons, the decision of the Appeals Council and ALJ below should be reversed, and Claimant, Steven C. Polgar, awarded benefits with an onset date of October 9, 2009.

## CERTIFICATE OF SERVICE

I hereby certify that I am, this day, serving the foregoing document upon the

individual below via ECF.

ROBERT S. DRUM
Special Assistant
United States Attorney
Social Security Administration
Office of the General Counsel, Region III
P. O. Box 41777
Philadelphia, PA 19101
(215) 597-7968
(215) 597-4662 (fax)
Robert.Drum@ssa.gov

> **NEWMAN, WILLIAMS, MISHKIN,
> CORVELEYN, WOLFE & FARERI, P.C.**
>
> s/      James V. Fareri, Esquire
>         Attorney for Plaintiff

Date: June 16, 2014

10